# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24792-CIV-KING/TORRES

INTACT INSURANCE COMPANY, formerly
AXA PACIFIC INSURANCE COMPANY
and R&Q INSURANCE (MALTA) LTD., as
Subrogee of KEYSTONE AIR SERVICE LTD.
and KEVIN HEPP,

      Plaintiffs,

vs.

THE PIPER AIRCRAFT CORPORATION
IRREVOCABLE TRUST,

      Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** comes before the Court upon Magistrate Judge Edwin G. Torres' June 29, 2017, Report and Recommendation ("R&R") (DE 151), which recommends granting Defendant's Motion for Judgment on the Pleadings (DE 80). The Court has additionally considered Plaintiff's Objections (DE 154), and Defendant's Reply thereto (DE 155).

As background, this is a contribution dispute arising from payments that the Plaintiff insurers made to settle several previous lawsuits. This instant contribution suit was filed pursuant to the Piper Aircraft Corporation Irrevocable Trust Agreement, which requires that any claim asserted against Piper Aircraft be asserted against the Trust in the United States

1

District Court for the Southern District of Florida.[1]

The incident giving rise to the underlying suits occurred on November 6, 2000, when a Piper Aircraft plane crashed in Manitoba, Canada. Pursuant to an insurance policy, the Plaintiff insurers paid damages to settle the passengers' claims for injury and to reimburse the owner of the plane for loss of the aircraft. On December 31, 2015, Plaintiffs brought the instant suit seeking contribution from the Defendant Trust, alleging that Piper Aircraft's faulty design of the plane was ultimately what led to the crash.

On March 15, 2017, Defendant moved for Judgment on the Pleadings, arguing that the statute of repose outlined in the General Aviation Revitalization Act ("GARA") precluded Plaintiffs from bringing the instant suit. DE 80. Plaintiff filed its Response (DE 95) on March 28, 2017, and Defendant's Reply (DE 95) followed on April 3, 2017. The matter was referred to Judge Torres for an R&R pursuant to the Court's Order of Referral for all Pretrial Proceedings (DE 101). After due consideration, Judge Torres ultimately recommends that the undersigned grant Defendant's Motion.

GARA provides that a civil action for personal injury, death, or property damage arising from an accident involving a general aviation aircraft cannot be brought if the accident occurred after eighteen years from: (1) the date of direct delivery of the aircraft from the manufacturer to its first purchaser; or (2) date of first delivery of the aircraft to a person engaged in the business of the selling or leasing of aircrafts.

Here, the plane was manufactured in 1978, and the crash did not occur until twenty-

---

[1] The Piper Aircraft Corporation Irrevocable Trust was created following the bankruptcy of Piper Aircraft in 1991.

two years later on November 6, 2000. Notably, Plaintiffs do not dispute these facts. Instead, Plaintiffs insist that GARA should not apply here because the suit would have been filed in Canada were it not for the forum selection clause in the Trust Agreement. In the R&R, Judge Torres rejects this argument, reasoning that Plaintiffs have failed to make a strong showing that enforcement of the forum selection clause is unreasonable, unjust, or was procured by way of fraud. Judge Torres further considered that Plaintiffs have offered no factual support for the contention that the forum selection clause should not apply, but instead merely rely on the conclusory statement that they are being treated "inequitably."[2]

Judge Torres additionally reasons that, even if Canadian law were to govern this matter, GARA's statute of repose would still apply under the Supremacy Clause. Judge Torres reaches this conclusion after a thorough analysis of GARA's statutory language, as well as consideration of several cases from other courts that have applied GARA to lawsuits arising from accidents which occurred on foreign soil. Finally, Judge Torres notes that Plaintiff's own pleadings indicate that "the alleged negligent conduct asserted by Plaintiff—the design, manufacture, and distribution of the aircraft—is a matter governed by the law of the United States, *regardless* of where the actual accident took place." DE 151 at 14. Accordingly, Judge Torres recommends that the Court apply GARA's statute of repose and grant Defendant's Motion for Judgment on the Pleadings.

In their objections before the Court, Plaintiffs reargue that the law of Manitoba, Canada should apply. Plaintiffs further argue that Judge Torres erred by ruling on the Motion

---

[2] Judge Torres also aptly points out that, were it not for the Trust, Plaintiffs could not have brought the instant suit in the first place.

for Judgment on the Pleadings prior to ruling on Plaintiffs' Motion to Apply Manitoban law. Plaintiffs additionally take issue with Judge Torres' analysis of the Supremacy Clause, arguing that the Supremacy Clause does not apply because Canada is not a state.

The Court has performed a *de novo* review of the R&R and Plaintiffs' objections, in addition to its review of the underlying Motion, and the Response and Reply thereto. After careful consideration, the Court finds that Judge Torres' R&R accurately states the law of the case. The R&R clearly provides ample analysis to support the application of GARA in this instance, including a long list of similar cases where GARA was applied to lawsuits arising from accidents that occurred in foreign countries. The R&R further set forth sound, alternative reasons for reaching this conclusion. Indeed, Plaintiffs have failed to raise any concerns that have not already been exhaustively addressed by the R&R. Accordingly, the Court finds that Defendant's Motion for Judgment on the Pleadings should be granted.

It is therefore **ORDERED, ADJUDGED,** and **DECREED** that:

1. Judge Torres' June 29, 2017 Report and Recommendation **(DE 151)**, be, and the same is, hereby **AFFIRMED** and **ADOPTED** as an Order of this Court.

2. Defendant's Motion for Judgment on the Pleadings **(DE 80)** be, and the same is, hereby **GRANTED**.

3. By separate order, the Court shall enter Final Judgment on behalf of Defendant and against Plaintiffs.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 3rd day of August, 2017.

```
                    _____
                    JAMES LAWRENCE KING
                    UNITED STATES DISTRICT JUDGE
                    SOUTHERN DISTRICT OF FLORIDA
```

**cc:** **Magistrate Judge Edwin G. Torres**
  **All Counsel of Record**